IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORENZO CHOC CHEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 3:25-cv-577 |
| BRIAN MCSHANE, *Director of the Philadelphia Field Office of Immigration and Customs Enforcement and Removal Operations Division*, et al., | ) Judge Stephanie L. Haines ) ) ) |
| Respondents. | |

# MEMORANDUM ORDER

Pending before the Court is Petitioner Lorenzo Choc Chen's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") filed at ECF No. 4. Therein, Petitioner requests that this Court: (1) enjoin Respondents from moving him outside of the Western District of Pennsylvania, (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and (3) order Respondents to immediately release him. ECF No. 4, p. 1.[1]

For the following reasons, the Court will DENY Petitioner's Motion.

## I.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] Petitioner styles his request as a Motion for a T.R.O. but does make passing reference to a request for a Preliminary Injunction ("P.I."). ECF No. 4-1, p. 4 ("The Court should grant a temporary restraining order or preliminary injunction"). As such, this Court will also address Petitioner's Motion in so much as it requests a P.I.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[2] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* TRO but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a TRO"); *Snee v. Barone*, 359 F.App'x. 281,

---

[2] The Third Circuit has made clear that "a court may not convert an *ex parte* [T.R.O.] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

II.  **Analysis**

Here, Petitioner requests in his Motion for a T.R.O., ECF No. 4, that this Court: (1) enjoin Respondents from moving him outside of the Western District of Pennsylvania, (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and (3) order Respondents to immediately release him. ECF No. 10, p. 1. The Court will address each request for relief in turn below.

a.  **Request for an Injunction Prohibiting Petitioner's Transfer**

The Court notes that an alien detainee's request to enjoin his or her transfer or movement when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General

shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Here, Petitioner points to no authority upon which this Court may properly enjoin Respondents from moving Petitioner outside of the Western District of Pennsylvania. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Therefore, because this Court lacks jurisdiction to enjoin Respondents from moving Petitioner outside of the district, it will DENY Petitioner's Motion insofar as he seeks an injunction on that score.

### b. Request for Injunction Preventing Respondents from Detaining Petitioner Pursuant to 8 U.S.C. § 1225(b)(2)

In Petitioner's Motion, he requests that this Court grant him injunctive relief preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2). In this way, Petitioner requests relief that goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory,

affirmative relief[.]" *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439); *see also* ECF No. 1, p. 17.

Thus, this Court will DENY Petitioner's Motion in so much as it requests a T.R.O. enjoining Respondents from detaining him pursuant to 8 U.S.C § 1225(b)(2) as a T.R.O. is not the appropriate vehicle for such relief. However, this Court will continue to evaluate Petitioner's claim to the extent that he also requests a preliminary injunction. *See* ECF No. 4-1, p. 4 ("The Court should grant a temporary restraining order or *preliminary injunction*[.]") (emphasis added).

While Petitioner requests an injunction preventing his detention under 8 U.S.C. § 1225(b)(2), he has set forth representations in his Petition for Writ of Habeas Corpus, ECF No.1, that indicate that he is subject to a final order of removal, which would render his current detention pursuant to 8 U.S.C. § 1231 rather than 8 U.S.C. § 1225(b)(2). Indeed, in his Habeas Petition, Petitioner set forth the following:

> On July 14, 2022, after a hearing on the merits, the Immigration Court ordered Petitioner removed to Guatemala, as [the Department of Homeland Security] DHS requested, but granted him his claim for withholding of removal under 8 U.S.C § 1231(b)(4). Neither party appealed this decision. Thereafter, DHS directed Petitioner to report to ICE on a periodic basis pursuant to 8 U.S.C. § 1231(a)(3)(A) under an order of supervision…And while DHS retains authority after removal proceedings have ended to remove Petitioner to a country other than Guatemala, as specified in 8 U.S.C. § 1231(b)(2)(E)(i)–(vii), it must comply with the Due Process Clause of the Fifth Amendment before it does so.

ECF No. 1, p. 3.

Broadly speaking, 8 U.S.C. §§ 1225(b)(2) and 8 U.S.C. §§ 1226(a) and (c) apply to aliens who have not received a final order of removal while 8 U.S.C. § 1231(a)(6) applies to aliens who have received a final order of removal. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)

(explaining that United States immigration law "authorizes the Government to detain certain aliens already in the country *pending the outcome of removal proceedings* under *§§ 1226(a) and (c)*."); *id.* at 288 ("Aliens who are instead covered by § 1225(b)(2)… *shall be detained for a [removal] proceeding*' if….") (quoting 8 U.S.C. § 1225(b)(2)) (emphasis added) (alterations in original); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (explaining that 8 U.S.C. § 1231 authorizes detention "*[a]fter entry of a final removal order*[.]") (citing 8 U.S.C. §§ 1231(a)(2) and (a)(6)) (emphasis added).

In light of the foregoing, it is the Court's understanding that Petitioner is being detained pursuant to 8 U.S.C. § 1231 rather than § 1225. Therefore, the Court will DENY Petitioner's Motion requesting an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2) as Petitioner has failed to demonstrate a likelihood of success on the merits relative to any claim predicated on his detention under § 1225 as, by his own pleading, he is not being detained pursuant to 8 U.S.C. § 1225(b)(2). *Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

c. **Request for an Injunction Granting Petitioner Immediate Release**

In Petitioner's Motion for a T.R.O., ECF No. 4, Petitioner requests that this Court order his immediate release. ECF No. 4, p. 1. However, Petitioner has not sufficiently alleged a basis upon which such relief would be appropriate at this time.[3] Therefore, the Court will DENY Petitioner's Motion insofar as it requests injunctive relief in the form of immediate release.

---

[3] Petitioner, who was detained by DHS on December 4, 2025, has not raised in his Motion at ECF No. 4, a challenge to the length of his continued detention, nor has he levied any argumentation as to why he is entitled to release aside from simply concluding that:"[t]here is only one remedy to Petitioner's ongoing harm—this Court must order Petitioner's immediate release." ECF No. 4-1, p. 8. Thus, because Petitioner has failed to sufficiently demonstrate a likelihood of success on the merits, this Court may grant him neither a T.R.O. nor a P.I. directing his immediate release. *See Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

An appropriate Order follows:

## ORDER

AND NOW, this 2nd day of January 2026, upon due consideration of Petitioner Lorenzo Choc Chen's ("Petitioner") Motion for a T.R.O., ECF No. 4, the Court finds that he has failed to make a sufficient showing to obtain either a T.R.O. or P.I. at this time. Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 4 is **DENIED**; and,

**IT IS FURTHER ORDERED** that all remaining matters are returned to the Magistrate Judge for consideration in the first instance.

BY THE COURT:

 /S/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE